**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Walter VICENTE–GONZALEZ,
Defendant–Appellant.**

No. 12–10530.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 21, 2014.*

Filed Jan. 24, 2014.

Erica McCallum, Assistant U.S., USTU–Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Carla Gene Ryan, Esquire, Law Offices of Carla G. Ryan, Tucson, AZ, for Defendant–Appellant.

Walter Vicente–Gonzalez, pro se.

Before: CANBY, SILVERMAN, and PAEZ, Circuit Judges.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM ***

Walter Vicente–Gonzalez appeals from the district court's judgment and challenges his guilty-plea conviction and 37–month sentence for reentry after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Vicente–Gonzalez contends that his plea was not entered knowingly, intelligently, and voluntarily because he did not understand the nature and range of possible sentences. We review the voluntariness of a plea de novo. *See United States v. Gaither,* 245 F.3d 1064, 1068 (9th Cir. 2001). The record reflects that although Vicente–Gonzalez disliked the range of possible sentences he was facing, his plea was knowing, voluntary, and intelligent.

Vicente–Gonzalez also contends that the district court should have departed downward to account for his cultural assimilation. Our review of departures is limited to determining whether the district court imposed a substantively reasonable sentence. *See United States v. Vasquez–Cruz,* 692 F.3d 1001, 1008 (9th Cir.2012), *cert. denied,* —— U.S. ——, 134 S.Ct. 76, 187 L.Ed.2d 60 (2013). The sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445. (2007).

**AFFIRMED.**

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.